<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TERRANCE TURNER, <br><br> Plaintiff, <br><br> v. <br><br> WIPRO LIMITED-WIPRO HOLDINGS, *et al.*, <br><br> Defendants. | Civil Action No. 23-1375 (MAS) (DEA) <br><br><br> **MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on pro se plaintiff Terrance Turner's ("Plaintiff") filing of a complaint (ECF No. 1) and renewed application to proceed in forma pauperis (ECF No. 6). Having reviewed Plaintiff's renewed in forma pauperis application, the Court finds that leave to proceed in forma pauperis is warranted in this matter and will, therefore, grant the application. For the reasons explained below, however, Plaintiff's Complaint is dismissed without prejudice.

**I.     BACKGROUND**

Plaintiff's proposed Complaint asserts claims against Defendants Wipro Limited - Wipro Holdings, Wipro Limited - NY (collectively "Wipro"), Charles Schwab, "USSOCOM, [the] FBI, [the] CIA, [the] NSA, Geo Spatial, [the] GCHQ," and the "Trump White House," "Secret Service," "USPS," "FedEx," "Pfizer," and "Merck" (collectively "Defendants"). (Compl. 1-2, ECF No. 1.) Plaintiff lists over fifteen federal statutes, federal treaties, and/or provisions of the United States Constitution that he alleges the various Defendants violated in this action. (*Id.* at 3.)

Most of the intelligible bases for Plaintiff's action relate to fraud and conspiracy. (*See id.*) To support his claims of fraud and conspiracy, Plaintiff provides only the following:

> Tortious Interference, Restraining Order requested and demanded to prevent the firing of plaintiff employee of Wipro, and mandatory assignment through injunction order to viable billable contract venture and workable service client, beyond Charles Schwab. Company will not viably employ the employee, published cyber security author, creator of only authentic and genuine "threat hunting" methodology, will produce exhibits of pre-published and published works, intellectual property. Attempting to prevent firing because homelessness is imminent and so is death if fired, and terminated as employee. This has been the only attainable job resource in ten years. Demanding and requesting the court create a system of orders and injunctions to prevent loss of income.

(*Id.* at 4.) Plaintiff provides no further factual allegations nor any additional clarity on what claims he brings and against which specific Defendants.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]" *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Rule 8(a)(2) "requires [a complaint to contain] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,'

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

2

in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While pro se pleadings are to be liberally construed in conducting such an analysis, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

Plaintiff's Complaint fails to meet the Rule 8(a)(2) pleading standard. This is because Plaintiff's Complaint fails to adhere to the "plain statement requirement," which requires a pleading to identify "defendants and the actions taken by these defendants" as those actions relate to a plaintiff's claims. *Freeman v. TD Bank*, No. 22-7209, 2023 WL 7195171, at *4 (D.N.J. Nov. 1, 2023) (quoting *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019)).

Specifically, Plaintiff fails to identify by name any Defendant other than Wipro and Charles Schwab in his statement of facts. (Compl. 4.) As such, if Plaintiff's Complaint were allowed to continue at this stage, all Defendants other than Wipro and Charles Schwab would be completely

unaware of what claims and factual allegations are leveraged against them. *Mala*, 704 F.3d at 245 (citation omitted). Plaintiff's allegations against Charles Schwab fare little better, and other than Charles Schwab being named in the Complaint, the Court is unable to decipher what it is Plaintiff alleges against Charles Schwab. (Compl. 4.) Finally, as to Wipro, the Court is only able to deduce that Plaintiff is employed by Wipro and would like to prevent Wipro from terminating his employment. (*Id.*) This alone is not a sufficient factual basis to assert any claim against Wipro. Accordingly, Plaintiff's Complaint cannot be allowed to continue against any of the Defendants at this stage as it fails to put Defendants on notice of the claims against them.

The Court also notes that the vast majority of statutes Plaintiff provides as the basis for his claims against Defendants relate to fraud. Fraud allegations are subject to a heightened pleading standard under Rule 9(b). *See* Fed. R. Civ. P. 9(b). Specifically, Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Id.* In effect, this means that a plaintiff asserting any claim sounding in fraud must provide "all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." *United States v. Eastwick Coll.*, 657 F. App'x 89, 93 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)). Notably, Plaintiff's Complaint falls well short of complying with Rule 9(b). Should Plaintiff still wish to bring claims sounding in fraud when filing an amended complaint, he will need to ensure he can meet the Rule 9(b) pleading standard outlined above.

## IV. CONCLUSION

For the reasons outlined above, Plaintiff's in forma pauperis application is granted, but Plaintiff's Complaint is dismissed without prejudice. Plaintiff may file an amended complaint consistent with this Memorandum Opinion within 30 days.

                                                                                                          _____
                                                                                                          **MICHAEL A. SHIPP**
                                                                                                          **UNITED STATES DISTRICT JUDGE**